UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM MEYER,<br><br>        Plaintiff,<br><br>   v.<br><br>CENTRAL VALLEY FLOOD PROTECTION BOARD,<br><br>        Defendant. | Case No. 2:23-cv-02979-DAD-JDP<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANT'S MOTION TO REMAND BE GRANTED<br><br>ECF Nos. 2 & 3<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Plaintiff Liam Meyer removed defendant Central Valley Flood Protection Board's ("CVFPB") cross-complaint from Sacramento Superior Court on the basis of federal question jurisdiction. ECF No. 1. Defendant moves to remand. ECF No. 3. For the foregoing reasons, I recommend that the matter be remanded.[1]

**Background**

      The CVFPB is a California agency that has authority to regulate the erection, maintenance and protection of levees, embankments, and channel rectification in California. Cal. Wat. Code

---

[1] I will deny plaintiff's motion to proceed *in forma pauperis* as moot.

1

§ 8534.  The CVFPB has also adopted regulations specifying compatible uses and mandating rules for the construction of levees, pipelines, roads, and other encroachments that affect flood control structures.  Cal. Wat. Code § 8571; Cal. Code Regs. tit. 23, div. 1, §§ 111 *et seq.*  Plaintiff owns property along the Sacramento River.  ECF No. 1.

Plaintiff filed an action against the CVFPB and other defendants in November 2020 in state court (Sacramento Superior Court Case 34-2020-00288266).[2]  ECF No. 3 at 6.  Plaintiff thereafter amended the complaint twice and defendant CVFPB filed a cross-complaint.  *Id.* at 7 (ECF No. 1 at 12 cross-complaint).  Defendants filed a demurrer to plaintiff's second amended complaint, which the state court sustained on all causes of action without leave to amend.  ECF No. 4 at 196 (state court order).

According to the cross-complaint, defendant has cited plaintiff for numerous California Water Code violations pertaining to his property.  Plaintiff failed to take proper corrective action, which resulted in defendant issuing an Enforcement Order ("the Order").  The Order found plaintiff responsible for damage caused to the levee waterside berm of the east levee of the Sacramento River and directed plaintiff to pay $106,000 in civil penalties for failing to comply with the noticed requirements.  *Id.* at 10.  As of the date of the cross-complaint (August 10, 2022), plaintiff had not complied with the Order.

The cross-complaint asserts three causes of action.  The first seeks an injunction against plaintiff for violation of California Water Code § 8608; the second seeks an injunction pursuant to California Civil Code § 3479 and California Public Resources Code §§ 8608 and 8706.5, because plaintiff's violations constitute a per se public nuisance; and the third seeks a declaration of the parties' rights and duties under Water Code § 8608 and the judgment entering the Order, and a determination of whether the CVFPB can remediate the nuisance at plaintiff's expense.  *Id.* at 14-16.

---

[2] While the parties include the case number in their briefs, neither party has attached either the initial complaint.  Accordingly, the court *sua sponte* takes judicial notice of the fact that plaintiff filed an action in Sacramento Superior Court against defendant on November 2, 2020, Case No. 34-2020-00288266.  *See Callan v. N.Y. Cmty. Bank*, 643 F. App'x 666, 666 (9th Cir. 2016).

**Judicial Notice**

Defendant asks the court to take judicial notice of the cross complaint in California Superior Court Case No. 34-2020-00288266 filed on August 10, 2022, and of Judge Chang's February 10, 2023 order sustaining defendant's demurrer of plaintiff's second amended complaint. ECF No. 4. Given that the cross-complaint is already in the record, *see* ECF No. at 12, I decline to take judicial notice of it. I will, however, take judicial notice of Judge Chang's order, as it is a matter of public record and a proper subject of judicial notice. *See* Fed. R. Evid. 201; *McVey v. McVey*, 26 F. Supp. 3d 980, 983-84 (C.D. Cal. 2014).

**Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit construes the removal statute against removal, and the party seeking removal bears the burden of establishing federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."); *Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

**Motion to Remand**

Plaintiff removed this action based on federal question jurisdiction. ECF No. 1 at 3. Plaintiff claims that this action is bound by federal maritime law because his property is near navigable water, and because defendant violated his civil rights and the federal Elder Justice Act. *Id.* at 3-5. Defendant asserts that removal is improper because plaintiff, as a cross-defendant, cannot remove an action, the complaint lacks subject matter jurisdiction, and the notice of

3

1  removal is untimely.³  Because plaintiff was not permitted to remove this action and there is no
2  basis for federal jurisdiction, I recommend remand.

3        A party who initiates an action in state court cannot later remove the action to federal
4  court. *See* 28 U.S.C. § 1441(a) (an action "may be removed by the defendant or the defendants");
5  *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("Here the railroad is the plaintiff
6  under 28 U.S.C. s 1441(a), . . . and cannot remove."); *Edwards v. Edwards*, No. 2:22-CV-08814-
7  SB-JC, 2023 WL 172020, at *1 (C.D. Cal. Jan. 12, 2023) (remanding the action because the
8  plaintiff could not remove his own action); *Szanto v. Lewin*, No. CV 12-00535 MMM, 2012 WL
9  4513745, at *1 (C.D. Cal. Sept. 30, 2012) (collecting cases for the proposition that a plaintiff
10 cannot remove his own action).  This general principle applies equally to plaintiffs who become
11 cross-defendants.  *See Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) (holding
12 that the "counterclaim defendant who is also a plaintiff to the original state action may not
13 remove the case to federal court") (citing *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014,
14 1018 (9th Cir. 2007) ("[W]e must conclude CAFA does not alter the longstanding rule announced
15 in *Shamrock* that precludes plaintiff/cross-defendants from removing class actions to federal
16 court.").  Plaintiff initiated this action in state court, and before his complaint was dismissed
17 without leave to amend, defendant filed a cross-complaint, thereby making plaintiff a cross-
18 defendant.  Accordingly, plaintiff was not entitled to remove this action.

19       Even if I were to conclude otherwise, the cross-complaint fails to establish subject matter
20 jurisdiction.  Federal question jurisdiction mandates that "[o]nly state-court actions that originally
21 could have been filed in federal court may be removed to federal court by the defendant."
22 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[F]ederal jurisdiction exists only when a
23 federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.* (citing
24 *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

25       Plaintiff's assertion that this court has jurisdiction because defendants violated federal
26 law, and his property is near navigable water is unavailing.  As an initial matter, the counter-

---

³ Since I am recommending that the action be removed based on defendant's first two arguments, I will not address defendant's final argument.

complaint pleads only state law claims and does not seek relief under federal law or premise its state law claims on any violations of federal law.  Further, all of plaintiff's claims—including any potential federal claims—were dismissed without leave to amend by the state court.  Finally, plaintiff offers no support for his argument that federal maritime law should control due to the proximity of his property to a navigable body of water.  Since the cross-complaint contains no properly pled federal claims, this court lacks subject matter jurisdiction.[4]

Accordingly, it is hereby ORDERED that plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is denied as moot.

Further, it is hereby RECOMMENDED that:

1. Defendant's motion to remand, ECF No. 3, be granted.

2. This case be remanded to the Superior Court of the State of California in and for the County of Sacramento.

3. The Clerk of Court be directed to send a certified copy of this order to Superior Court of California in and for the County of Sacramento and to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[4] Diversity jurisdiction does not exist because both parties are domiciled in California. *See* ECF No. 1 at 13.

5

IT IS SO ORDERED.

Dated:   July 23, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE